UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-04 |
| § | |
| ALL ASSETS AND FUNDS ON DEPOSIT § | |
| OR HELD IN OFFSHORE INVESTMENT § | |
| ACCOUNT AT SUN LIFE FINANCIAL § | |
| INVESTMENTS (BERMUDA) LTD., § | |
| CONTRACT NUMBER 28-2873-017053 § | |
| IN THE NAME OF SILVIA BEATRIZ § | |
| PEREZ-CEBALLOS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER GRANTING MOTION TO STAY

Pending in this case is Petitioner United States of America's (the Government) Motion to Stay proceedings in this civil forfeiture action (D.E. 24) to which Claimant Beatriz Perez-Ceballos has responded (D.E. 27). For the reasons discussed more fully below, the Government's motion is granted.

## BACKGROUND

On January 5, 2018, the Government filed a verified complaint for civil forfeiture in rem alleging that all funds and assets on deposit or held in offshore investment accounts at Sun Life Financial Investments (Bermuda) Ltd, contract number 28-2873-017053 in the name of Perez-Ceballos (the Defendant Property), were subject to forfeiture. The Defedant Property consists of approximately $1,900,000.00, which is alleged to be partial proceeds from a scheme to embezzle and launder millions of dollars from the Mexican State of Tabasco. The complaint followed an investigation by federal

1 / 7

law enforcement agencies into allegations of bank fraud and money laundering by Perez-Ceballos and two other people, Jose Manuel Saiz-Pineda and Martin Alberto Medina-Sonda. Saiz-Pineda is the husband of Claimant Perez-Ceballos.

Perez-Ceballos, Saiz-Pineda, and Medina-Sonda were indicted on April 26, 2017 by a federal grand jury with one count of laundering of monetary instruments and one count of bank fraud. The Government also sought criminal forfeiture of several parcels of real property and the contents of several bank accounts, including the Defendant Property at issue in this action. *See United States v. Saiz-Pineda*, No. 2:17-cr-245 (S.D. Tex. filed Apr. 26, 2017).

Perez-Ceballos was tried by a jury which convicted her of bank fraud and acquitted her on the money-laundering charge. *Id.* at D.E. 160. During the trial, she admitted under oath that she falsified bank documents, redacting Saiz-Pineda's name to make it appear she was the sole owner of one of the Defendant Property. The jury did not find by a preponderance of the evidence that the proceeds sought in the criminal forfeiture were derived from the bank fraud. *Id.* at D.E. 163. On January 10, 2018 Perez-Ceballos was sentenced to ten months in the custody of the Bureau of Prisons to be followed by a two- year term of supervised release. *Id.* at D.E. 191. Her case is currently on appeal. Saiz-Pineda and Medina-Sonda remain in custody in Mexico.

The Government filed a complaint on January 5, 2018 alleging that the Defendant Property is subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(B)(iii), and 981(a)(1)(C). On February 1, 2018, Perez-Ceballos filed a verified claim asserting that she is the true and correct owner of the Defendant Property (D.E. 3).

On April 20, 2018 the State of Tabasco filed a verified claim alleging that it is the rightful owner of the Defendant Property (D.E. 15).

On August 9, 2018 the Government filed the motion to stay this civil forfeiture case, asserting that it is directly related to the pending criminal cases against Saiz-Pineda and Martin-Sonda. The Government argues that a stay is necessary because if Perez-Ceballos is allowed to proceed with discovery, it will adversely affect the Government's ability to conduct the related criminal prosecutions against Saiz-Pineda and Martin-Sonda. Claimant Perez-Ceballos is opposed to the motion to stay, arguing that (1) the civil forfeiture action is not sufficiently related to the pending criminal prosecutions; (2) the Government's allegations that civil discovery will adversely affect the criminal proceedings are conclusory; (3) the Government's motion is speculative and premature and (4) a stay will prejudice Perez-Ceballos.[1]

## **ANALYSIS**

The Government seeks a stay pursuant to 18 U.S.C. § 981(g) which provides the following:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related case.
>
> . . .
>
> (3) With respect to the impact of civil discovery . . . the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability

---

[1] At a status conference held by telephone on August 9, 2018, counsel for the State of Tabasco indicated that it is not opposed to the stay.

of the opposing party to pursue the case.  In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4)  In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made.  In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

(5)  In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

### A.  Relation of the Cases

The first question is whether the civil forfeiture action is related to the investigation or prosecution of a criminal case.  The Government argues that although Perez-Ceballos has been convicted of bank fraud, criminal charges are still pending against her husband and Medina-Sonda and the charges are based on the same alleged embezzlement and money-laundering activities for which Perez-Ceballos was tried.  In addition, the indictment in their case contains a notice of forfeiture that lists the Defendant Property along with other properties as being subject to criminal forfeiture.  Thus, the Government argues that the cases are related.

Claimant responds that the cases are not related because Perez-Ceballos was found not guilty of the money laundering charges after a full trial.  Also, she argues that to the extent the Government is asserting that the cases are related because her husband is the

defendant in the pending criminal case and she might share information with him, there is a complete court reporter's record of Perez-Ceballos's trial available to the public meaning that any information that Perez-Ceballos would want to share is already public record. Perez-Ceballos also states that she and Saiz-Pineda have lived apart since he was imprisoned in Mexico in 2013 and that she is seeking a divorce from him, so there is little chance that she would divulge information to him.

However, Claimant's arguments miss the point of the "related" factor. Cases are related if there is similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings. 18 U.S.C. § 981(g)(4). In this case, all of those similarities exist. The civil forfeiture proceeding seeks forfeiture of the Defendant Property, which the Government alleges was stolen and laundered, at least in part, by Saiz-Pineda and Medina-Sonda. Claimant Perez-Ceballos has been found guilty of bank fraud with regard to the Defendant Property, based on evidence relating to the pending charges against Saiz-Pineda and Medina-Sonda. Accordingly, it is clear that the cases are related.

### B. Effect of Civil Discovery on Criminal Prosecution

In order to be granted a stay, the Government must show that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation. There is no presumption that civil discovery creates an adverse effect on the Government's related criminal proceeding and the Government must make an actual showing regarding the anticipated adverse effect. *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number*

5 / 7

*7240001868*, No. Civ.A.3:04-CV-1476-G, 2004 WL 1834589 (N.D. Tex. 2004). A court may grant a stay based on ex parte affidavits or other documents demonstrating that civil discovery might threaten to reveal confidential informants or otherwise impair the criminal investigation. 18 U.S.C. § 981(g)(5); *United States v. Real Property and Premises Located at 216 Kenmore Ave., Deerfield, Illinois, and 950 Bristol Drive, Deerfield, Illinois*, 657 F.Supp.2d 1060, 1064 (D. Minn. 2009).

The Government in this case submitted an ex parte sealed affidavit setting forth specific reasons why it believes allowing discovery in the civil case will adversely affect the ability of the Government to conduct the investigation and preparation of the related criminal case. Based on careful consideration of the affidavit and the parties' briefs, the undersigned finds that it is appropriate to grant the Government's motion to stay proceedings in this case. If the civil case continues, the Government will be subject to the broad range of civil discovery which will adversely affect the criminal investigation. In addition, civil discovery would also have the effect of compromising witnesses who are expected to testify in the criminal matter. Therefore, the stay is granted.

## **CONCLUSION**

Based on the foregoing, the Government's motion to stay (D.E. 24) is GRANTED. In addition, it is ORDERED that discovery as well as all other proceedings in this civil matter are STAYED until further order of the Court. It is further ORDERED that the

Government shall file sealed updates with the Court every six months setting forth reasons to support the continued need for the stay.

ORDERED this 7th day of September, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE